**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE EMERGENCY REQUEST TO UNSEAL SPECIAL MASTER'S REPORT CONCERNING ALLEGATIONS OF IMPROPER DISCLOSURES OF GRAND JURY MATERIALS | Misc. No. 18-112 (RCL)<br><br>Judge Royce C. Lamberth |

**[PROPOSED] ORDER GRANTING EMERGENCY REQUEST**
**TO UNSEAL SPECIAL MASTER'S REPORT**

1. In 1998, Judge John W. Kern, III, acting as a Special Master at the direction of then-Chief Judge Norma Holloway Johnson, examined allegations that individuals within the Office of Independent Counsel ("OIC") were responsible for the disclosure of grand jury protected information to the media, in violation of Criminal Rule of Federal Procedure 6(e). In 1999, Judge Kern submitted a Special Master's Report (the "Report") to Chief Judge Johnson, who placed it under seal. Four copies of that Report were prepared. As best as this Court has been able to determine, the only copy that still exists is one that was provided to OIC and is held by the National Archives and Records Administration ("NARA") among the papers of the OIC.

2. On August 14, 2018, American Oversight filed an Emergency Request to Unseal Special Master's Report Concerning Allegations of Improper Disclosures of Grand Jury Materials by Independent Counsel in Connection with 1998 Investigation of President Clinton (Dkt. 1).

3. On August 22, 2018, the Department of Justice submitted a Response to Emergency Request to Unseal the Special Master's Report (Dkt. 9), and also submitted, *in camera* and *ex parte*, a copy of the Report (Dkt. 10).

4. The Court has reviewed the Report, as well as the submissions by American Oversight, the Department of Justice, and a letter to the Court from the United States Senate (Dkt. 8).

5. As reflected in DOJ's response, DOJ counsel contacted all of the individuals who provided testimony to the Special Master (other than one who is deceased). One individual (who is not Judge Kavanaugh) objected to the release, in order to protect his or her privacy.

6. In *United States v. Hubbard,* 650 F.2d 293, 314 (D.C. Cir. 1980), the Court of Appeals "identified six factors that might act to overcome [the] presumption" of public access to court records. Those factors are (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *See U.S. ex rel. Schweizer v. Oce, N.V.,* 577 F. Supp. 2d 169, 171–72 (D.D.C. 2008), citing *Hubbard*.

7. Having weighed all of the *Hubbard* factors, the Court finds that the balance of factors favors unsealing the Report, and that the personal privacy interests of the objecting individual can be accommodated through the review process of the National Archives and Records Administration. Accordingly, it is hereby

**ORDERED** that the Special Master's Report is hereby unsealed. The National Archives and Records Administration shall process the report consistent with this order and in accordance with its ordinary archival review procedures to ensure the protection of the personal privacy of the one individual who objected to the report's release. It is further

3

      **ORDERED** that the National Archives shall release the redacted Report as expeditiously as possible, but no later than 3:00 on Friday, August 24, 2018.

                                                _____
                                                The Hon. Royce C. Lamberth
                                                United States District Judge

August \_\_, 2018